UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

David Ebrahimzadeh,

                              Debtor.

------------------------------------------------------------x

Case No: 1:17-11224-mkv

Chapter 11

Hon. Mary Kay Vyskocil

# KNIGHTHEAD SSRE REIT, INC'S RESPONSE IN FURTHER SUPPORT OF ITS APPLICATION FOR THE ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY[1]

Dated: New York, New York
        May 31, 2017

KRISS & FEUERSTEIN LLP

*s/ Jason S. Leibowitz*
Jerold C. Feuerstein, Esq.
Jason S. Leibowitz, Esq.
360 Lexington Avenue, Suite 1200
New York, New York 10017
(212) 661-2900

*Attorneys for Knighthead SSRE REIT, Inc.*

---

[1] Capitalized terms used herein but not otherwise defined shall have the same meanings given to them as set forth in the Secured Creditor's Application (as defined herein).

# TABLE OF CONTENTS

1. TABLE OF AUTHORITIES……………………………………………...……………......…ii

2. PRELIMINARY STATEMENT ……………………………………………..………………1

3. DISCUSSION………………………………………………………………….…………...…..3

I. Cause Exists to Grant the Secured Creditor's Application for Relief from the Automatic Stay……………………………………………………………..……………………………3

   A. The Debtor Failed to Meet his Burden With Respect to § 362(d)(1)………………….. 3
   B. The Debtor Failed to Meet his Burden With Respect to § 362(d)(2) …………………..6
   C. The Debtor Failed to Meet his Burden With Respect to § 362(d)(4) …………………..8

# **TABLE OF AUTHORITIES**

**Cases**

*United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.,* **484** U.S. 365 **(1988)** Cases
*In re Balco Equities Ltd., Inc.*, 312 B.R. 734, 749 (Bankr. S.D.N.Y. 2004) ................................... 4
*In re Century Inv. Fund VII Ltd. Partnership*, 96 B.R. 884 (Bankr. E.D.Wis.1989) ..................... 7
*In re Kaplan Breslaw Ash, LLC* ...................................................................................................... 4
*In re Lord*, 325 B.R. 121, at 129 (Bankr. S.D.N.Y. 2005)............................................................. 8
*In re Lord*, 325 B.R. 121, at 130 (Bankr. S.D.N.Y. 2005)............................................................. 8
*In re* MH *Management Corp.,* 2009WL 3644415 at 4 ................................................................. 6
*In re Park Ave. Partners Ltd. Partnership*, 95 B.R. 605, (Bankr.E.D.Wis.1988) ......................... 7
*In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1285 (2d Cir.1990) ...................................................... 4
*United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365 (1988).......... 6

**Statutes**

11 U.S.C. § 1129(a)(11)................................................................................................................ 5
11 U.S.C. § 362(d)(1)…………………………………………..……………………………1, 2, 3, 4, 5, 9
11 U.S.C. § 362(d)(2) ........................................................................................................... 1, 5, 6, 9
11 U.S.C. § 362(d)(4) ............................................................................................................... 1, 7, 9
11 U.S.C. § 362(g) .................................................................................................................... 3, 4

Knighthead SSRE REIT, Inc. (the "Secured Creditor"), by and through its attorneys, Kriss & Feuerstein LLP, respectfully submits this Response (the "Response") to the Debtor's letter in opposition (the "Opposition") dated May 26, 2017 [ECF No. 31], and in further support of the Secured Creditor's Application for the entry of an Order granting (i) relief from the automatic stay for cause pursuant to 11 U.S.C. §§ 362(d)(1), 362(d)(2) and 362(d)(4) in favor of the Secured Creditor and waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3), and (ii) and granting such other and further relief as this Court deems just and proper in further support of the Secured Creditor's Application (the "Application")¹ dated May 10, 2017 [ECF No. 9]. In support of this Response, the Secured Creditor respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Secured Creditor's Application for relief from the automatic stay must be granted in its entirety as a matter of law, over the Debtor's Objection, which is devoid of any case law or statutory authority for its position. It is respectfully submitted that the Debtor's Objection does little more than to confirm that the Debtor failed to meet his burden pursuant to 11 U.S.C. § 362(g), and as a result, the Debtor's Objection should be overruled for each of the reasons set forth herein below.

2. First, notwithstanding the assertions set forth in the Application setting forth the Secured Creditor's *prima facie* entitlement to relief from the automatic stay as a matter of law, the Debtor has completely failed to come forward with any basis in law or fact sufficient to prove that (i) the Debtor has a legal connection with the Property sufficient to withstand the Secured Creditor's instant Application for relief, or (ii) that Debtor retains *an equity* in the Property. As a result, the Secured Creditor should be entitled to relief from the automatic stay as a matter of law.

---

[1] Capitalized terms used herein but not otherwise defined shall have the same meanings given to them as ascribed in the Application (as defined herein).

3.   In response, the Debtor's Opposition alleges that a mere occupant should be entitled to the protections of the automatic stay, when they baldly and improperly allege that (i) cause for granting relief does not exist pursuant to § 362(d)(1) when ample cause exists to grant such relief, (ii) the Property (which is not part of the Debtor's bankruptcy estate) is somehow necessary for the Debtor's effective reorganization which is in prospect, (iii) equity which may exist in the Property (it does not), is somehow the Debtor's equity or responsibility to protect, and notwithstanding the latest stunt by DiSanza and the Debtor, the Secured Creditor should not be entitled to prospective stay relief.

4.   In addition, despite the Debtor's nonsensical, red herring arguments designed to distract this Court from the underlying issues surrounding this case, none of the arguments advanced in support of the Debtor's Opposition are sufficient to explain how this Court could ever grant the Debtor permission to take on a new indebtedness of $7,250,000.00 in order to rescue the Property, which is an asset of the estate of Diamond Condo, based upon an appraisal of the Property (the "Debtor's Appraisal") dated November 24, 2014, when (a) the Secured Creditor's secured claim against the Property, which as of the date hereof, is in excess of the sum of $7,273,688.00,[2] (b) the Debtor is the subject of a secured consent judgment in the sum of $6,592,173.84 (the "Sharestates Judgment"), entered in favor of Sharestates Investments LLC as of December 12, 2016 and (c) the Debtor is operating at a monthly deficit according to his own petition and schedules filed in connection with this case. A copy of the Sharestates Judgment is annexed hereto as **Exhibit "A"**. Thus, the Debtor's loan is inadequate to pay the Secured Creditor

---

2 This figure is based upon a payoff from the Secured Creditor which was supplied to Diamond Condo on or about December 14, 2016, and was good through December 23, 2016, in the sum of $6,801,890.89 with a *per diem* interest accrual of $2,967.28. It does not include any additional fees and/or costs which may have accrued thereon. In addition, the Secured Creditor has not waived its right to collect any amounts due and owing on account of its secured claim.

2

in full.

5.     Accordingly, and as a matter of law, the Debtor failed to meet its burden by rebutting the Secured Creditor's *prima facie* entitlement to relief from the automatic stay.

## DISCUSSION

### I. CAUSE EXISTS TO GRANT THE SECURED CREDITOR'S APPLICATION FOR RELIEF FROM THE AUTOMATIC STAY

6.     As set forth herein below, a review of the Debtor's Opposition reveals that the Debtor has failed to meet his burden pursuant to 11 U.S.C. § 362(g),[3] which entitles the Secured Creditor to relief from the automatic stay as a matter of law.

**A. The Debtor Failed to Meet his Burden With Respect to § 362(d)(1)**

7.     Section 362(d)(1) of the Bankruptcy Code provides that:

> (d) On request of a party in interest and after a hearing, the court shall grant relief from the stay ... (1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

8.     The moving party has the burden to make a *prima facie* showing that "cause" exists for relief from the stay. *See In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1285 (2d Cir.1990). "The burden of proof on a motion, like this one, to lift the automatic stay is a *shifting one*; section 362(d)(1) requires an initial showing of cause by the movant, while section 362(g) *places the burden of proof on the debtor for all issues other than the debtor's equity in property.*" *In re Kaplan Breslaw Ash, LLC,* 264 B.R. 309, 321–322 (Bankr.S.D.N.Y.2001) ("cause" existed under Section

---

3 11 U.S.C. § 362(g) provides as follows:

In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
  (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
  (2) the party opposing such relief has the burden of proof on all other issues.

See 11 U.S.C. § 362(g)

3

362(d)(1) where "no adequate protection payments whatever have been made or proffered"). *In re Balco Equities Ltd., Inc.*, 312 B.R. 734, 749 (Bankr. S.D.N.Y. 2004).

9. In this case, cause to grant the Secured Creditor's Application for relief from the automatic stay exists because the Debtor filed his petition and schedules solely for the improper purposes of further delaying the Secured Creditor's ability to enforce its state law rights in and to the Property, when two (2) other bankruptcy actions are presently pending, and were filed to delay the Secured Creditor's ability to foreclose upon the Property after Diamond Condo and the Debtor previously defaulted on forbearance agreements they entered into with the Secured Creditor.

10. Equally significant, is the fact that the Debtor has failed to explain how this Court could ever grant the Debtor permission to take on a new indebtedness of $7,250,000.00 in order to rescue the Property, which Property is an asset of the estate of Diamond Condo, based upon the Debtor's Appraisal, when (a) the Secured Creditor's secured claim against the Property, is believed to exceed the sum of $7,273,688.00,[4] (b) the Debtor is the subject of the Sharestates Judgment in the sum of $6,592,173.84, entered in favor of Sharestates Investments LLC as of December 12, 2016 and (c) the Debtor is operating at a monthly deficit according to his own petition and schedules filed in connection with this case. See **Exhibit "A"**. Indeed, there is no discussion as to how the Debtor was unable to pay the condo association or the Secured Creditor's loan, which would be less than the new loan the Debtor suggests he can afford with the Federal Savings Bank, or how the Debtor will be in a position to establish his burden with respect to 11 U.S.C. § 1129(a)(11) if permitted to refinance and payoff the Secured Creditor.

---

4 This figure is based upon a payoff from the Secured Creditor which was supplied to Diamond Condo on or about December 14, 2016, and was good through December 23, 2016, in the sum of $6,801,890.89 with a *per diem* interest accrual of $2,967.28.

4

11. In addition, assuming *arguendo*, that the Debtor could get a loan in the amount of $7,250,000.00, said amount would be insufficient to pay off the Secured Creditor's secured mortgage lien against the Property, which is believed to have accrued to be in excess of $7,273,688.00 as of the date hereof.

12. Furthermore, the Debtor, who is no stranger to this Court (and appeared before this Court in connection with the Diamond Condo matter) and previously entered and defaulted under various stipulations and forbearance agreements before this Court along with Diamond Condo.

13. In addition, the continued imposition of the automatic stay will continue to harm the Secured Creditor and other subordinate creditors in this case, since, as of the date hereof, Diamond Condo is in arrears with the condominium common charges in the sum of $86,396.23. A statement from the condominium is annexed hereto as **Exhibit "B"**.

14. Thus, cause exists to grant the Secured Creditor's Application for relief pursuant to § 362(d)(1).

## II.  The Debtor Failed to Meet his Burden With Respect to § 362(d)(2)

15. As indicated in the Stipulation executed by the Debtor and submitted to this Court in connection with the Diamond Condo matter as recently as May 1, 2017, the Debtor's entire legal connection with the Property is that he is simply an occupant at the Property without a lease.

16. Accordingly, the Debtor has only a bare possessory interest in the Property, which cannot withstand a secured creditor's motion for relief.

17. Since the Debtor *lacks an equity* in the Property as that term is defined under 11 U.S.C. § 362(d)(2)(A), this Court must grant relief from the automatic stay in favor of the Secured Creditor.  See *In re Collins*, 199 B.R. 561 (Bankr. W.D. Pa. 1996).

18. "Once the debtor's lack of equity has been demonstrated, the burden shifts to the

5

debtor to prove that the property is 'necessary to an effective reorganization." *In re* MH *Management Corp.,* 2009WL 3644415 at 4. In cases where, the Debtor's sole asset is a piece of real estate, "there is no doubt that the Property is indispensable to the Debtor's reorganization." However, based on the Supreme Court decision in *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365 (1988), the seminal case addressing the standard to be applied under § 362(d)(2)(B), the Debtor must establish that the Property "is essential for an effective reorganization *that is in prospect.* This means, as many lower courts ... have properly held, there must be '*a reasonable possibility of a successful reorganization within a reasonable time*." *Id.* at 375-76 (emphasis added).

19.    In this case, as evidenced by the fact that the Debtor has failed to: 1) to demonstrate that he retains an equity in the Property which is presently owned by Diamond Condo, 2) make any post-petition property tax payments since the time that Diamond Condo filed for Chapter 11 relief, 3) and has failed to establish he has the financial means or ability to effectively reorganize, it has become clear that the Property is not essential for an effective reorganization that is in prospect. *See In re Century Inv. Fund VII Ltd. Partnership*, 96 B.R. 884 (Bankr. E.D.Wis.1989) (concluding that Chapter 11 debtor owner of apartment complex failed to establish that reorganization was feasible, and thus, complex was not necessary to effective reorganization, so that second mortgagee was entitled to relief from stay); *See also*, *In re Richardson Group, Inc.*, 107 B.R. 353 (Bankr. M.D.Fla.1989) (concluding that real estate properties were not needed for effective reorganization, for purpose of determining whether foreclosing creditor was entitled to relief from stay, where gross income from properties was insufficient to service mortgage debt); *See also In re Park Ave. Partners Ltd. Partnership*, 95 B.R. 605, (Bankr.E.D.Wis.1988)

(concluding that apartment complex that was debtor limited partnership's sole asset was not necessary to effective reorganization, and order lifting stay would accordingly be issued to allow first mortgage holder to proceed with foreclosure; given value of property and rate of return that first mortgage holder was entitled to on its secured claim, debtor could not perform any plan which would meet standards for confirmation, so effective reorganization was impossible, and debtor had no equity in the complex).

20. As such, this Court should enter an Order granting the Secured Creditor relief from the automatic stay.

### B. The Debtor Failed to Meet its Burden With Respect to § 362(d)(4)

21. Pursuant to 11 U.S.C. §362(d)(4), a secured creditor may move for prospective relief with respect to a stay of an act against real property ("in rem relief"), if "the court finds the filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved either *(A) the transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or (B) multiple bankruptcy filings affecting such real property*."   See 11 U.S.C. § 362 (emphasis added). "[I]n rem relief is prospective relief that will apply to others who may file a petition and invoke the automatic stay as to the same real property." *In re Lord*, 325 B.R. 121, at 129 (Bankr. S.D.N.Y. 2005).  "An in rem order is issued in '…response to serial bankruptcy filings involving more than one debtor with a common interest in property that they seek to protect from state law foreclosure." *In re Lord*, 325 B.R. 121, at 130 (Bankr. S.D.N.Y. 2005).   In the case of *In re Lord*, the Court discussed the requirements needed to issue an "in rem" order which affects non –debtors.

> "An Order affecting a non-debtor's interest in certain property may be validly entered if the Court has personal jurisdiction over the non-debtor or in rem jurisdiction (subject matter jurisdiction) over the property...Courts

7

have consistently found that in rem jurisdiction obtains where a debtor shares a common ownership interest with the non-debtor in the real property, such that the property becomes property of the estate under Section 541 of the Code. By virtue of this in rem jurisdiction, courts have lifted the stay prospectively as to any future bankruptcy filing by the debtor or any other party with an interest in the real property in order to prevent abusive filings by co-owners intended solely to delay foreclosure on commonly held property." *In re Lord*, 325 B.R. 121, at 130 (Bankr. S.D.N.Y. 2005).

22.     The Debtor's filing herein is the third separate bankruptcy filing affecting the Property since March 16, 2016. The first filing remains pending before this Court as filed by Diamond Condo on March 16, 2016 under Case No. 16-10619-mkv (the "First Filing"), and the other, filed by Diamond Condo's sole shareholder, Felice DiSanza before the United States Bankruptcy Court for the District of New Jersey (the "DNJ") on January 18, 2017 under Case No. 17-10984-rg (the "Second Filing").

23.     Then, on May 3, 2017, the Debtor filed his petition for relief, all of which filings were filed on the eve of scheduled foreclosure sales.

24.     Furthermore, DiSanza has requested dismissal of the Second Filing, so that he can re-file under Chapter 7. As a result, the Secured Creditor requires the entry of an order permitting it to proceed with its state law rights against the Property on a prospective basis.

**WHEREFORE**, the Secured Creditor respectfully requests this Court enter an Order granting (i) relief from the automatic stay for cause pursuant to 11 U.S.C. §§ 362(d)(1), 362(d)(2) and 362(d)(4) in favor of the Secured Creditor and waiving the fourteen (14) day stay imposed by FED. R. BANKR.P. 4001(a)(3), (ii) and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
      May 31, 2017

    KRISS & FEUERSTEIN LLP
    *Attorneys for Knighthead SSRE REIT, Inc.*

    *s/ Jason S. Leibowitz*
    Jerold C. Feuerstein, Esq.
    Jason S. Leibowitz, Esq.
    360 Lexington Avenue, Suite 1200
    New York, New York 10017
    (212) 661-2900