UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                                                               :
In re:                                                         :
                                                               :
DAVID EBRAHIMZADEH,                                            :        Chapter 11
                                                               :        Case No. 17-11224 (MKV)
                                    Debtor.                    :
                                                               :
                                                               :
-------------------------------------------------------------- X

## DEBTORS' MOTION TO DISMISS THE CHAPTER 11 CASE

David Ebrahimzadeh (the "**Debtor**"), by and through its undersigned counsel, hereby

moves this Court for the entry of an order, pursuant to 11 U.S.C. § 1112(b), dismissing

the above-captioned chapter 11 case.  In support thereof, the Debtor respectfully submits as

follows:

## BACKGROUND

1.      On May 3, 2017, he Debtor filed a voluntary petition for relief under Chapter

11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.      Since the filing, the Debtor has continued to reside and maintain the

condominium units at 170 East 77th Street New York, New York ("condo units") and manage his

affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  No committee, trustee or examiner has been appointed.

3.      The Debtor filed for Chapter 11 relief primarily to engage the use of the

courts loss mitigation program in a final effort to modify and/or refinance the condo units.

4.      On June 16, 2017, the court denied the Debtor's request to engage in the loss

mitigation program and subsequently ordered that the stay be lifted as to Knighthead SSRE

REIT, Inc ("Knighthead"), the secured creditor of the condo units.

5.      There is a sale of the condo units currently scheduled for July 19, 2017.

6.      Diamond Condo LLC, ("Diamond") the deeded owner of the condo units has a commitment from a new lender to refinance the Real Property with Knighthead that will also pay the Board of Managers of The Diamond Condominium and other secured creditors. The Debtor is necessary as a guarantor for the financing to go forward. The commitment is contingent on the Bankruptcy Court's dismissal of both the Diamond case and the Debtor's personal case.

7.      There are three unsecured creditors that have appeared in the case, BMW, Edward Stautberg and the Internal Revenue Service ("IRS"). The IRS is not in opposition to this motion. Counsel for Mr. Stautberg could not provide a statement of no opposition, but did not believe opposition would be forth coming due to relatively small amount of the claim. Ascension Capital on behalf of BMW could not be reached after several attempts.

8.      The Debtor has no real property or personal assets to distribute to these creditors and the creditors have the continued ability to pursue the Debtor in state court.

## JURISDICTION

9.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

10.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11.     The statutory predicate for the relief requested herein is section 1112(b) of the Bankruptcy Code.

## RELIEF REQUESTED

12.     By this Motion, pursuant to section 1112(b) of the Bankruptcy Code, the Debtor seeks to dismiss its voluntarily chapter 11 proceeding.

# **ARGUMENT**

13.    Section 1112(b)(1) of the Bankruptcy Code provides as follows:

> Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause. 11 U.S.C. § 1112(b)(1).

To obtain a dismissal of this case, a debtor has the burden to establish that cause exists for dismissal and demonstrate that such dismissal is "in the best interest of creditors and the estate." *See In re AdBrite Corp.*, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003); *see also In re Camden Ordnance Mfg. Co. of Ark., Inc.*, 245 B.R. 794 (Bankr. E.D. Pa .2000); *In re OptInRealBig.com, LLC*, 345 B.R. 277, 282 (Bankr. D. Colo. 2006); *see also In re Warner*, 83 B.R. 807 (Bankr. M.D. Fla. 988).

14.    Section 1112(b)(4) lists several examples of "cause," though cause is not limited to these grounds. *See In re Gonic Realty Trust*, 909 F.2d 624, 626 (1st Cir. 1990) ("in determining 'cause' for dismissal the court may consider other factors as they arise and use its powers to reach appropriate results in individual cases").

15.    Additionally, the Court has stated in *In re Hospitality Associates of Tappan Zee Ltd. P'ship*, 102 B.R. 369, 372 (Bankr. S.D.N.Y. 1989) that:

> [w]hen there is no useful purpose in retaining jurisdiction over a Chapter 11 case because the debtor does not wish to continue under the aegis of Chapter 11 . . ., it follows that voluntary dismissal should be permitted pursuant to 11 U.S.C. § 1112(b).

Id. at 372 (*citing In the Matter of Markhon Industries, Inc.*, 100 Bankr. 432 (Bankr. N.D.

Ind.,1989); *In re Rose*, 86 B.R. 439 (Bank. E.D. Pa. 1988); *In re Oak Winds*, 4 B.R. 69 (Bankr.

M.D. Fla. 1980).

16.     If cause is established, section 1112(b) mandates dismissal unless "unusual

circumstances" exist to suggest that conversion to a chapter 7 case would be in the best

interests of the estate.

17.     The Debtor submits that "cause" exists here to dismiss this case.

18.     The Debtor has no assets with which to formulate and carry out an effective

plan of reorganization.  Even though the Debtor has no deeded ownership in the condo units,

the condo units are the Debtor's primary residence and the Debtor has a vested interest in

saving the units from the foreclosure sale scheduled for July 19, 2017.  A dismissal motion is

scheduled to be heard on July 13, 2017 in the related case In re Diamond Condo LLC, 16-

10619.  If that dismissal is granted the Debtor will be able to effectuate the refinance of the

condo units and continuing this case would serve no useful purpose. The Debtor is concerned,

and has been advised that without dismissal of this case the funding for the refinance of the

condo units may not be completed.  Diamond is looking to close on or about July 17, 2017 or

July 18, 2017.

19.     Conversion of the case to liquidation under Chapter 7 of the Bankruptcy Code

would result in additional administrative claims against the estate without any benefit

because there are no assets to liquidate thereby resulting in no payout to the unsecured creditors

that have appeared in the case or that may appear.

## **NOTICE**

20.     Notice of this Motion has been provided to: (a) the United States Trustee for

the Southern District of New York; (b) all creditors listed on the creditor's matrix, and (c) all

parties that have requested notice under Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

21.    No prior application for the relief requested has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests the entry of an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 10, 2017

M. Cabrera & Associates, PC

By: */s/ MatthewM. Cabrera*
Matthew M. Cabrera, Esq.
2002 Route 17M, Suite 12
Goshen, NY 10924
Telephone: (8445) 531-5474

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------- X
                                                               :
 In re:                                                        :
                                                               :
 DAVID EBRAHIMZADEH,                                           :        Chapter 11
                                                               :        Case No. 17-11224 (MKV)
                            Debtor.                            :
                                                               :
                                                               :
-------------------------------------------------------------- X
```

### ORDER GRANTING DEBTOR'S
### MOTION TO DISMISS THE CHAPTER 11 CASE

Upon the above-captioned debtors' Motion to Dismiss the Chapter 11 Case (the "**Motion**"), pursuant to 1112(b) of tile 11 of the United States Code; and this Court having jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of this Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that the above-captioned case be, and hereby is, dismissed; and it is further

**ORDERED**, that the Debtor pay to the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) and 31 U.S.C. § 3717 within ten days of the entry of this order and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.

Dated: New York, New York
July              , 2017

_____
United States Bankruptcy Judge